In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00022-CV


______________________________




JAMES L. TALIAFERRO, ROBERT K. TALIAFERRO,


AND GARY DUMAS, TRUSTEE OF THE

AMY DUMAS FAMILY TRUST, Appellants


V.



CONNIE PERRYMAN, Appellee




 


On Appeal from the 4th Judicial District Court


Rusk County, Texas


Trial Court No. 2007-152




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 James L. Taliaferro filed a motion to dismiss his appeal because a new trial had been granted. 
Thereafter, we determined that two other parties had also filed notices of appeal. We contacted those
parties to determine whether they concurred in the dismissal. Although the other parties have not
filed their own motions to dismiss, they have not indicated any disagreement with that result.

 We have now received a copy of the order granting new trial. It is apparent that as a result
of that order, the previously appealed from judgment is not final. We have jurisdiction over only
appeals from final judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
Therefore, this Court is without jurisdiction to hear this appeal.

 We dismiss the appeal for want of jurisdiction.



 Jack Carter

 Justice


Date Submitted: May 27, 2009

Date Decided: May 28, 2009



7in">            A defendant must file the notice of appeal within thirty days from the date the trial court
imposes or suspends sentence unless the defendant timely files a motion for new trial, in which case
the notice of appeal must be filed within ninety days from the date the trial court imposes or
suspends sentence. Tex. R. App. P. 26.2. An appellate court may, however, extend the time to file
the notice of appeal "if, within 15 days after the deadline for filing the notice of appeal, the party: 
(a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying
with Rule 10.5(b)." Tex. R. App. P. 26.3.
            In this case, the record clearly shows Williamson did not file a timely motion for new trial. 
See Tex. R. App. P. 21.4(a) (motion shall be filed no later than thirty days after sentence is imposed
or suspended). Accordingly, his notice of appeal was due by April 22, 2004. It was not filed until
August 3, 2004.
 
 
            Williamson did not timely invoke this Court's jurisdiction. The record does not indicate he
has been granted an out-of-time appeal by the Texas Court of Criminal Appeals. Accordingly, we 
dismiss the appeal for want of jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          August 11, 2004
Date Decided:             August 12, 2004

Do Not Publish